UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH CHALIFOUX

      Plaintiff,

v.                                                               Case No: 5:26-cv-293-CEM-PRL

CRYSTAL CHALIFOUX, et al.,

      Defendants.

_____

**ORDER**

Plaintiff Joseph Chalifoux, who is proceeding pro se, filed this action against Defendants Crystal Chalifoux, Paula Maynard, Paula Gamache, and Kimberly Ricotelli seeking damages, injunctive relief, and declaratory relief arising from an alleged scheme to conduct unlawful audio and video surveillance of Plaintiff and his three minor children inside their home. To date, Plaintiff has only filed proof of service as to Crystal Chalifoux, who is incarcerated in Massachusetts. (Doc. 6). On May 18, 2026, Crystal Chalifoux filed an answer (Doc. 7), which Plaintiff has moved to strike.

In the meantime, on June 1, 2026, Plaintiff filed a unilateral case management report without seeking leave of court. (Doc. 14).[1] Pursuant to Local Rule 3.02, the parties are required to conduct a planning conference and prepare a joint case management report. Accordingly, the unilateral case management report (Doc. 14) is due to be **stricken.** To the

---

[1] Plaintiff filed the report well before the deadline. Pursuant to Local Rule 3.02 (b), the parties are required to file the case management report within forty days after any defendant appears—which would make the deadline June 29, 2026 (Forty days would fall on June 27, 2026, which is a Saturday so the deadline moved to the following Monday).

extent Plaintiff believes that it is necessary to proceed with a unilateral case management report, he may file a motion with the Court providing evidence to support his claim that Defendant Crystal Chalifoux is legally barred from direct communication with him. Otherwise, the parties shall confer and jointly prepare the case management report. The Court acknowledges that there are inherent difficulties in litigating a case against an incarcerated defendant. However, that alone does not relieve Plaintiff of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules. And to the extent Plaintiff has served the other named defendants, and they appear in this case, they should be included in the planning conference and preparation of the case management report.

Because the parties have not yet conducted their case management conference (or sought relief from that obligation), Plaintiff's motion to depose Defendant Crystal Chalifoux by remote means (Doc. 16) is due to be **denied** as premature *See* Fed. R. Civ. P. 26(d)(1).

Finally, Plaintiff's motion for leave to register and file electronically via the CM/ECF system (Doc. 15) is due to be denied. Plaintiff requests authorization to file documents electronically through CM/ECF for the following reasons: he is the sole caretaker of minor children; the per-filing cost of paper filings; the Ocala Division is a four-hour's drive roundtrip; this action requires frequent and time-sensitive filings; and to allow procedural equity with any opposing counsel.

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not

represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing). In this instance, Plaintiff has not shown good cause or offered extenuating circumstances to justify his request to file documents in CM/ECF.

However, the Court will permit the Plaintiff to receive electronic notification of filings via email. Generally, a *pro se* litigant can receive electronic notices of filing by email, monitor the docket through PACER,[2] and submit filings in person, by U.S. Mail, or through another delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No.

---

[2] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024).

6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.* (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Plaintiff is permitted to receive electronic notification of filings via email. The Clerk is **directed** to add Plaintiff's email address (joseph.chalifoux@yahoo.com) to the docket and send all future notices of electronic filing to this email address.

Plaintiff is responsible for notifying the Clerk if he changes his email address. Plaintiff is advised to check his email frequently, as some filings may be time sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiff to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER on page 13.[3] Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails paper copies. As a result, Plaintiff is cautioned that he will no longer receive court documents by U.S. mail.

---

[3] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

- 5 -

DONE and ORDERED in Ocala, Florida on June 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record