**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00293-CEM-PRL**

**CRYSTAL CHALIFOUX, ET AL.,**

**Defendants,**

___________________________________/

**ORDER**

This matter is before the Court on various motions filed by the parties regarding how this case should proceed. As an initial matter, Defendant Crystal Chalifoux has moved to stay the proceedings because she is incarcerated in Western Massachusetts. (Doc. 21). She contends that due to her incarceration she lacks access to adequate legal research materials, the ability to compile documentation, and the means to attend court hearings. She also claims that the criminal charges for which she is currently detained arise from some allegations at issue in this civil case, thus implicating her Fifth Amendment privilege against self-incrimination. However, as Plaintiff correctly notes, Defendant's incarceration alone is not a sufficient basis to stay these proceedings, nor are Defendant's conclusory and unsupported assertions regarding the Fifth Amendment. Accordingly, Defendant Crystal Chalifoux's motion to stay (Doc. 21) is due to be **denied.**

Based on Defendant's incarceration and a no contact order issued against Crystal Chalifoux in Florida state court,[1] Plaintiff has filed a motion asking the Court to excuse the Rule 26(f)

---

[1] Plaintiff submitted a "No Contact Order" issued in case 2025-CF-012742-A-O against Ms. Chalifoux. (Doc. 23, Ex. A). According to the online docket, Ms. Chalifoux is charged with unlawful installation of a tracking device or tracking application and domestic stalking, and the case is set for trial on August 24, 2026. https://myeclerk.myorangeclerk.com

conference requirement, accept Plaintiff's unilateral case management report, permit discovery to proceed, and permit Plaintiff to notice Ms. Chalifoux's remote deposition. (Doc. 23). While it appears that the no contact order prevents Plaintiff from communicating with Defendant, it does not mean that Plaintiff gets to unilaterally determine how this action will proceed. Moreover, Plaintiff has now filed returns of service as to three additional defendants—Paula Gamache, Paula Maynard, and Kimberly Ricotelli (Docs. 31, 32)—with whom he presumably can confer regarding the case management report. Accordingly, on or before **August 21, 2026**, Plaintiff and the additional named defendants (to the extent they appear), shall confer and submit a case management report. If no additional defendant appears, Plaintiff shall file a unilateral case management report. Defendant Crystal Chalifoux shall file a unilateral case management report by **August 21, 2026**. The Court will review both reports and issue an appropriate scheduling order. No discovery shall be conducted until the scheduling order has been issued. Accordingly, Plaintiff's motion (Doc. 23) is **denied** except as stated above.

Nevertheless, Plaintiff has already issued third-party subpoenas in this case. Defendant Crystal Chalifoux filed a motion to quash subpoena without providing any details about the subpoena at issue. (Doc. 22). In response, Plaintiff stated that Defendant is seeking to quash a subpoena directed to nonparty Google LLC. (Doc. 29). Now, Defendant has filed another motion to quash a subpoena, this one directed to another nonparty—Pearly Clendinning. (Doc. 33). Because the parties have not yet conducted their case management conference (and the Court has not relieved them of that obligation), the parties are not authorized to engage in discovery. Accordingly, to the extent Plaintiff has issued a subpoena to Google, Pearly Clendinning (or any other party) Defendant's motions to quash (Docs. 22, 33) are **granted** and the subpoenas are

**quashed** as premature. Likewise, because the parties have not yet engaged in discovery, Plaintiff's motion for partial summary judgment (Doc. 30) is due to be **denied** as premature.

DONE and ORDERED in Ocala, Florida on July 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party