**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00293-CEM-PRL**

**CRYSTAL CHALIFOUX, PAULA MAYNARD, PAULA GAMACHE, KIMBERLY RICOTELLI,**

**Defendants,**
___________________________________/

# ORDER

On August 17, 2026, Plaintiff filed an amended complaint. (Doc. 53). Two days later, Plaintiff filed a motion for clerk's default against Crystal Chalifoux (Doc. 55), which was premature, and thus due to be **denied**, because Crystal Chalifoux's time to respond to the amended complaint had not yet passed.[1]

Now, Plaintiff has filed another motion for clerk's entry of default as to Crystal Chalifoux. (Doc. 68). Plaintiff has also filed a motion for clerk's entry of default as to Paula Gamache and Paula Maynard. (Doc. 69). These motions (Docs. 68, 69) are both due to be **denied** because Crystal Chalifoux, Paula Gamache, and Paula Maynard have each filed motions to dismiss in response to the amended complaint. (Docs. 70, 71, 76). While the motions were untimely, entry of default is not appropriate given Defendants' defense and the Court's preference to resolve matters on the merits.

---

[1] In addition, Plaintiff's request to supplement the motion to strike Crystal Chalifoux's answer is **denied** because the Court previously denied the motion to strike as moot based on Plaintiff's filing of the amended complaint. (*See* Doc. 54).

In her motion to dismiss, Crystal Chalifoux states that she did not (and will not) send a copy of her motion to Plaintiff "until the judge can grant some protection against the plaintiff's false claims that these copies violate a stay away order which will prevent defendant from being released from jail." (Doc. 76 at 4). As the Court previously noted, this case presents certain challenges because there has been a state court no-contact order in place preventing Defendants from communicating with Plaintiff. (Doc. 54). The Court directed that "each party shall serve on the opposing party (or parties) copies of all pleadings filed in **this case** regardless of the no-contact order," but excused the parties of their obligation to confer with the opposing party under Local Rule 3.01(g). (Doc. 54 at 2) (emphasis added).

This ties into Crystal Chalifoux's motion in which she claims that Plaintiff has wrongly reported to various entities (i.e., MCI-Framingham, Massachusetts Parole Board, Framingham Massachusetts police department, and Clermont police department) that she is violating the underlying state court no-contact order by mailing copies of court pleadings, and that as a result, she has suffered negative consequences. (Doc. 65). She moves the Court to prevent Plaintiff from making further reports, to notify the state courts about this Court's Order directing service in this case, and to compel Plaintiff to essentially "undo" the damage caused by Plaintiff reporting the purported violation.

In response, Plaintiff contends that the subject communication (that he reported) was not related to this case but rather, was a July 29, 2026, mailing of a pleading filed in an unrelated state court action in Lake County Case No. 2026-CA-00930. (Doc. 67). The Court cannot determine whose version of events is true.

Nevertheless, Crystal Chalifoux's motion (Doc. 65) is **granted** to the extent that the Court will reiterate and clarify that despite the state court no-contact order, **each party in this**

**case shall serve on the opposing party (or parties) copies of all pleadings filed in this case. To be clear, service of pleadings in this case on the opposing party (or parties) does not violate the state court no-contact order.** The Clerk shall mail to Plaintiff a copy of Crystal Chalifoux's motion to dismiss the amended complaint (Doc. 76).

DONE and ORDERED in Ocala, Florida on September 18, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party